UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
LEXINGTON INSURANCE COMPANY
a/s/o Pathmark Stores, Inc. and other
interested insureds under the applicable
policy of insurance,

                              Plaintiff,

            -against-

LANGAN ENGINEERING AND ENVIRONMENTAL
SERVICES, INC., CRAIG TEST BORING
COMPANY, INC., EASTERN LOCATING
SERVICE and EXTELL DEVELOPMENT COMPANY,

                              Defendants.
------------------------------------------------------------X

**ANSWER**

Civil Action No: 09 CV 2057

**DEFENDANT DEMANDS
A TRIAL BY JURY**

COUNSELORS:

       Defendant, CRAIG TEST BORING COMPANY, INC., by its attorneys COHEN, KUHN & ASSOCIATES, answering plaintiff's complaint herein, respectfully alleges, upon information and belief, as follows:

      1.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "1", "2", "3", "5", "6", and "9", of the complaint.

      2.    Denies each and every allegation contained in paragraph "4" except admits that the defendant CRAIG TEST BORING COMPANY INC. is a New Jersey for-profit corporation having its principal place of business in Mays Landing, New Jersey.

      3.    Denies each and every allegation contained in paragraphs "10", "11", and "12" of the complaint.

### AS AND FOR AN ANSWER TO THE FIRST CAUSE OF ACTION

4. Defendant repeats and reiterates the denials to each and every allegation contained in paragraphs "1" through "12" inclusive, as recited in paragraph "13" of the complaint.

5. Denies each and every allegation contained in paragraphs "14", and "15" of the complaint.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "16" of the complaint.

### AS AND FOR AN ANSWER TO THE SECOND CAUSE OF ACTION

7. Defendant repeats and reiterates the denials to each and every allegation contained in paragraphs "1" through "16" inclusive, as recited in paragraph "17" of the complaint.

8. Denies each and every allegation contained in paragraphs "18", "19", "20", "21", "22", and "23" of the complaint.

### AS AND FOR AN ANSWER TO THE THIRD CAUSE OF ACTION

9. Defendant repeats and reiterates the denials to each and every allegation contained in paragraphs "1" through "23" inclusive, as recited in paragraph "24" of the complaint.

10. Denies each and every allegation contained in paragraphs "25", "26", "27", "28", "29", "30", and "31" of the complaint.

## AS AND FOR AN ANSWER TO THE FOURTH CAUSE OF ACTION

11.     Defendant repeats and reiterates the denials to each and every allegation contained in paragraphs "1" through "31" inclusive, as recited in paragraph "32" of the complaint.

12.     Denies each and every allegation contained in paragraphs "33", "34", "35", "36", "37", and "38" of the complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

13.     Upon information and belief, that if plaintiff and/or plaintiff's assignor sustained any injuries or damages at the time and place alleged in the plaintiff's complaint, such injuries or damages were the result of the negligence or other culpable conduct of the plaintiff and/or plaintiff's assignor. Should it be found, however, that the answering defendant is liable to the plaintiff herein, any such liability being specifically denied, then the answering defendant asserts that if any damages are found, they are to be apportioned among the plaintiff and defendant(s) according to the degree of responsibility that each is found to have in the occurrence, in proportion to the entire measure of responsibility for said occurrence.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

14.     Upon information and belief, that any damages allegedly sustained by the plaintiff and/or plaintiff's assignor were caused or contributed to in whole or in part by the plaintiff and/or plaintiff's assignor's own culpable conduct, carelessness, recklessness and negligence, and if any judgment is recovered against the defendant, said judgment should be apportioned and reduced by the percentage of the plaintiff and/or plaintiff's assignor's culpable conduct and negligence contributing thereto.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

15. Upon information and belief, any injuries or damages allegedly sustained by the plaintiff and/or plaintiff's assignor were the result of the plaintiff and/or plaintiff's assignor's own failure to mitigate said injuries or damages, and if any judgment is recovered against the answering defendant, said judgment should be apportioned and reduced by the percentage resulting from the plaintiff and/or plaintiff's assignor's failure to mitigate said injuries or damages.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

16. Upon information and belief, if the plaintiff and/or plaintiff's assignor sustained the damages alleged in plaintiff's complaint, then such damages were not the result of the answering defendant's action or inaction, but rather were the result of intervening and/or superseding acts or occurrences over which the answering defendant did not have control.

## AS AND FOR A FIRST CROSS-CLAIM AGAINST CO-DEFENDANTS LANGAN ENGINEERING AND ENVIRONMENTAL SERVICES, LLC, EASTERN LOCATING SERVICE, and EXTELL DEVELOPMENT COMPANY, DEFENDANT, CRAIG TEST BORING COMPANY, INC. ALLEGES, UPON INFORMATION AND BELIEF, AS FOLLOWS:

17. Upon information and belief, that if the plaintiff and/or plaintiff's assignor were caused to sustain damages at the time and place set forth in the complaint through any culpable fault other than by the plaintiff and/or plaintiff's assignor, then said damages were sustained in whole or in part by reason of the sole, active and primary carelessness, recklessness, negligence, breach of contract, breach of warranty, strict products liability and/or affirmative acts of

commission or omission by the co-defendants named above, who are, or will be, primarily liable therefor.

18. That by reason of the foregoing, the co-defendants named above will be liable in whole or in part in contribution and common law indemnification to the defendant CRAIG TEST BORING COMPANY, INC. in the event of a recovery herein by plaintiff and/or plaintiff's assignor, including any and all attorneys' fees, costs and disbursements incurred by the defendant CRAIG TEST BORING COMPANY, INC. herein.

### AS AND FOR A SECOND CROSS-CLAIM AGAINST CO-DEFENDANTS LANGAN ENGINEERING AND ENVIRONMENTAL SERVICES, LLC, EASTERN LOCATING SERVICE, and EXTELL DEVELOPMENT COMPANY, DEFENDANT, CRAIG TEST BORING COMPANY, INC. ALLEGES, UPON INFORMATION AND BELIEF, AS FOLLOWS:

19. Upon information and belief, the answering defendant entered into a contract with the above-named co-defendants.

20. Upon information and belief, the aforementioned contract provided that the above-named co-defendants would indemnify and hold harmless the defendant CRAIG TEST BORING COMPANY, INC. for the subject claim.

21. Upon information and belief, pursuant to the terms of said contract, in the event of a recovery herein by plaintiff and/or plaintiff's assignor as against defendant CRAIG TEST BORING COMPANY, INC., said defendant is entitled to full contractual indemnification from the above-named co-defendants in the full amount of any said recovery along with all attorneys' fees, costs and disbursements.

**AS AND FOR A THIRD CROSS-CLAIM AGAINST CO-DEFENDANTS LANGAN ENGINEERING AND ENVIRONMENTAL SERVICES, LLC, EASTERN LOCATING SERVICE, and EXTELL DEVELOPMENT COMPANY, DEFENDANT, CRAIG TEST BORING COMPANY, INC. ALLEGES, UPON INFORMATION AND BELIEF, AS FOLLOWS:**

22. Upon information and belief, the aforementioned contract provides that the above-named co-defendants secure polices of liability insurance naming defendant, CRAIG TEST BORING COMPANY, INC. as an additional named insured with respect to the work to be performed by defendant CRAIG TEST BORING COMPANY, INC.

23. Upon information and belief, the above-named co-defendants failed to secure said insurance policies.

24. Upon information and belief, the above-named co-defendants have thereby breached their contract with defendant CRAIG TEST BORING COMPANY, INC. and are thereby fully liable to defendant CRAIG TEST BORING COMPANY, INC. for all damages incurred thereby, including the full amount for any recovery had by them against defendant, CRAIG TEST BORING COMPANY, INC., together with all attorneys' fees, costs and disbursements.

**WHEREFORE**, the cross-claiming defendant CRAIG TEST BORING COMPANY, INC. herein demands judgment dismissing plaintiff's complaint or, in the event that plaintiff recovers any sum of money against cross-claiming defendant, then said defendant demands judgment over against co-defendants, LANGAN ENGINEERING AND ENVIRONMENTAL SERVICES, LLC, EASTERN LOCATING SERVICE, and EXTELL DEVELOPMENT

COMPANY on the cross-claims as to any such amount, together with all attorneys' fees, costs and disbursements.

Dated: New York, New York
March 24, 2009

                              Respectfully submitted,

                              *[signature]*

                              **MICHAEL V. DiMARTINI (MVD 3226)**
                              **COHEN, KUHN & ASSOCIATES**
                              Attorneys for Defendant
                              **CRAIG TEST BORING COMPANY, INC.**
                              Two Park Avenue, 6th Floor
                              New York, NY 10016
                              (212) 553-8300/lf
                              File No.: YRV L P30208

TO:    **SHEPS LAW GROUP, P.C.**
         Attorney(s) for Plaintiff
         35 Pinelawn Road, Suite 106 East
         Melville, NY 11747
         (631) 249-5600
         File No.: 7116

         **LANGAN ENGINEERING AND ENVIRONMENTAL SERVICES, INC.**
         21 Penn Plaza
         360 West 31st Street, 8th Floor
         New York, NY 10001-2727

         **EXTELL DEVELOPMENT COMPANY**
         Extell Financial Services, Inc.
         9410 Bunsen Parkway, Suite 350
         Louisville, KY 40220

         **EASTERN LOCATING SERVICE, INC.**
         66-84 74TH Street
         Middle Village, NY 11379

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK   )
COUNTY OF NEW YORK ) ss.:

    LIZ FELDMAN, being duly sworn, deposes and says that she is employed in the law office of COHEN, KUHN & ASSOCIATES at Two Park Avenue, 6th Floor, New York, NY 10016, that on the 25th day of March, 2009, deponent, who is not a party to this action and is over eighteen years of age, served the annexed – **FRCP RULE; 7.1 STATEMENT**, and **ANSWER** upon:

**SHEPS LAW GROUP, P.C.**
Attorney(s) for Plaintiff
35 Pinelawn Road, Suite 106 East
Melville, NY 11747

**LANGAN ENGINEERING AND
ENVIRONMENTAL SERVICES, INC.**
21 Penn Plaza
360 West 31st Street, 8th Floor
New York, NY 10001-2727

**EXTELL DEVELOPMENT COMPANY**
Extell Financial Services, Inc.
9410 Bunsen Parkway, Suite 350
Louisville, KY 40220

**EASTERN LOCATING SERVICE, INC.**
66-84 74TH Street
Middle Village, NY 11379

in this action, by depositing a true copy thereof properly and securely endorsed in a duly postpaid wrapper, in a post-office box in the County of New York, New York regularly maintained by the government of the United States at Two Park Avenue, New York, NY 10016 and under the care of the New York, New York Post-office, which is the post-office of COHEN, KUHN & ASSOCIATES, attorneys for the defendant, **CRAIG TEST BORING COMPANY, INC.**, herein directed to the addresses shown above, that being the addresses within the State designated by said attorneys for that purpose upon the last preceding papers in this action.

                                              _/s/ Liz Feldman_
                                              LIZ FELDMAN

Sworn to before me this
25th day of March, 2009.
_____
NOTARY PUBLIC